# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 04 C 306 | **DATE** | 1/26/2004 |
| **CASE TITLE** | City International Trucks, Inc. vs. Vehicle Inspection Systems | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Defendant's motion to dismiss

**DOCKET ENTRY:**

(1) ■ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Order. Accordingly, as stated at the outset, Vehicle Inspection's motion is denied. This Court's previously scheduled initial status hearing date of February 13, 2004 remains in effect, and the parties are expected to comply with the prehearing requirements of the memorandum order that established that date.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | **Document Number** |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | | 3 |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 1/26/2004 | |
| | | | date mailed notice | |
| SN | courtroom deputy's initials | '04 JAN 26 PM 3: 25 Date/time received in central Clerk's Office | SN mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

CITY INTERNATIONAL TRUCKS, INC., )
)
        Plaintiff, )
)
v. ) No. 04 C 306
)
VEHICLE INSPECTION SYSTEMS, INC., )
)
        Defendant. )

<u>MEMORANDUM ORDER</u>

Shortly after removing this action from the Circuit Court of Cook County to this District Court, Vehicle Inspections Systems, Inc. ("Vehicle Inspection") has noticed up a Fed. R. Civ. P. ("Rule") 12(b)(6) motion to dismiss the Complaint brought against it by City International Trucks, Inc. ("City International"). But because the motion misperceives the basic concepts of such a facial challenge, it is denied out of hand, without requiring either a response from City International or anyone's appearance at the specified January 30, 2004 presentment date.

Vehicle Inspection charges that the asserted contract on which City International sues--an agreement by Vehicle Inspection, as the seller of certain vehicle diagnostic equipment, that City International has an option to require its repurchase by Vehicle Inspection--violates the statute of frauds (UCC §2-201(1), found in the Illinois statutes at 810 ILCS 5/2-201(1)). But even on the arguendo premise that the alleged agreement is one for the "sale of goods" within the meaning of

that statute,[1] Vehicle Inspection's position would require this Court to go outside of the Complaint to determine that the contract is not in writing (if that were so, of course).

That does violence to the basic principles underlying Rule 12(b)(6). Swierkiewicz v. Sorema N.A., 534 U.S. 506, 513-14 (2002) has reconfirmed the propriety of notice pleading such as that in the Complaint, and Hishon v. King & Spaulding, 467 U.S. 69, 73 (1984) has reconfirmed the test for the sufficiency of a complaint:

> A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

Accordingly, as stated at the outset, Vehicle Inspection's motion is denied. This Court's previously scheduled initial status hearing date of February 13, 2004 remains in effect, and the parties are expected to comply with the prehearing requirements of the memorandum order that established that date.

_____
Milton I. Shadur
Senior United States District Judge

Date: January 26, 2004

---

[1] At this threshold stage of the litigation, with only City International's Complaint in hand, it is both unnecessary and inappropriate to explore the validity or invalidity of that premise--or the further question whether, even if the premise is accurate, some other basis may exist for the enforceability of the asserted contract.

2